IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

EMMELINE DE THOMAS,

    Plaintiff,

v.

FIRST FINANCIAL ASSET MANAGEMENT, INC.,
a/k/a FFAM, INC.

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, EMMELINE DE THOMAS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Hollywood.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, FIRST FINANCIAL ASSET MANAGEMENT, INC., a/k/a FFAM. INC. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails

and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt, Defendant sent initial written communication to Plaintiff dated April 25, 2011. (See April 25, 2011 correspondence, attached hereto as Exhibit "A").

12. Defendant called Plaintiff's telephone on April 20, 2011 at 6:19 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff. The Defendant also failed to inform Plaintiff that the communication was from a debt collector.

13. Defendant called Plaintiff's telephone on April 21, 2011 at 10:53 A.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual

identity and failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff. The Defendant also failed to inform Plaintiff that the communication was from a debt collector.

14.     Defendant called Plaintiff's telephone on April 21, 2011 at 1:50 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity and failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff. The Defendant also failed to inform Plaintiff that the communication was from a debt collector.

15.     Defendant called Plaintiff's telephone on April 21, 2011 at 3:55 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity to Plaintiff.

16.     Defendant's agent and/or employee "Mr. Covington" called Plaintiff's place of employment on April 29, 2011 at 10:47 A.M., and at such time, left a voicemail message for Plaintiff.

17.     Defendant called Plaintiff's telephone on April 29, 2011 at 10:50 A.M., and at such time, left a voicemail message which consisted of a person breathing. The Defendant also failed to disclose the caller's individual identity, failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, and failed to notify Plaintiff that the communication was from a debt collector.

18.     Plaintiff returned Defendant's all on April 29, 2011, speaking with "Mr. Covington" and demanding that Defendant cease all further calls to Plaintiff's place of employment.

19. At such time, Defendant's agent and/or employee "Mr. Covington" asked if Plaintiff had a mortgage and threatened Plaintiff by saying, "We can take your property if you choose not to pay."

20. Such statement would lead a least sophisticated consumer to believe that payment pursuant to Defendant's terms was necessary to avoid losing her property, and as such, Defendant overshadowed the disclosures required by 15 U.S.C. § 1692g(a) *et seq*. during the thirty-day dispute period.

21. Defendant called Plaintiff's cellular telephone on May 20, 2011 at 8:42 P.M., and at such time, left a voicemail message in which Defendant failed to disclose the caller's individual identity to Plaintiff.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

24. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiff and failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

26. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing (or implying) that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

28. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

30. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

32. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

34. Defendant violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of August, 2011.

Respectfully submitted,
**EMMELINE DE THOMAS**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com